IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DELTA COMMUNICATIONS, LLC, d/b/a Clearwave Communications, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL NO. 10-980-GPM ) |
| MCI COMMUNICATIONS SERVICES, INC., d/b/a Verizon Business Services, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction."); *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) ("Jurisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed.  Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (internal citation omitted).  Plaintiff Delta Communications, LLC ("Delta"), brings this suit for breach of contract, upon an open account, in quantum meruit, and for declaratory and injunctive relief under Illinois law against Defendant MCI Communications Services, Inc. ("MCI").  The case was filed originally in the Circuit Court of the First Judicial Circuit, Saline County, Illinois, and has been removed to this Court by MCI pursuant to 28 U.S.C. § 1441.  Federal subject matter jurisdiction is alleged on the basis of diversity of

citizenship pursuant to 28 U.S.C. § 1332 and on the basis of a federal question pursuant to 28 U.S.C. § 1331. Having reviewed sua sponte the notice of removal in this case, the Court discerns a flaw in MCI's pleading of jurisdictional facts.

The exercise of federal subject matter jurisdiction in diversity requires generally, of course, that an amount in excess of $75,000, exclusive of interest and costs, be in controversy and that all parties be of completely diverse citizenship, that is, no plaintiff is a citizen of the same state as any defendant. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997); *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993); *Eyster v. Shade Tree Serv. Co.*, Civil No. 10-466-GPM, 2010 WL 2639680, at *1 (S.D. Ill. June 29, 2010). In this instance MCI, as the removing party, has the burden of proof as to the existence of federal jurisdiction. *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)); *Misiak v. Farmer*, Civil No. 10-133-GPM, 2010 WL 685895, at *1 (S.D. Ill. Feb. 23, 2010). Under 28 U.S.C. § 1332 a corporation is deemed to be a citizen both of the state where it is incorporated and the state where it maintains its principal place of business, the latter being the state where the corporation has its headquarters or "nerve center." *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006).

In this instance MCI's notice of removal alleges properly that MCI is a corporation incorporated under Delaware law with its principal place of business in Oklahoma, and therefore

MCI is a citizen of Delaware and Oklahoma for purposes of federal diversity jurisdiction. Also, it appears that the amount in controversy in this case is $1,650,000, well in excess of $75,000, exclusive of interest and costs. Unfortunately, Delta is alleged only to be "an Illinois corporation with its executive offices in Illinois." Doc. 3 (Notice of Removal) at 2 ¶ 4. Delta is a limited liability company ("LLC"), and the citizenship of an LLC for diversity purposes is the citizenship of each of the LLC's members. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007); *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Accordingly, to properly allege federal diversity jurisdiction, MCI must allege the citizenship of each of the members of Delta.

To conclude, MCI must file an amended notice of removal in conformity with this Order not later than 12:00 noon on Friday, December 31, 2010. Failure to file an amended notice of removal as herein ordered will result in remand of this case to the Circuit Court of the First Judicial Circuit, Saline County, Illinois, for lack of federal subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Crumer v. Target Corp.*, Civil No. 07-836-GPM, 2007 WL 4373950, at *1 (S.D. Ill. Dec. 14, 2007); *Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4225823, at *1 (S.D. Ill. Nov. 28, 2007).

**IT IS SO ORDERED.**

DATED: December 14, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge