IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DELTA COMMUNICATIONS, LLC, d/b/a Clearwave Communications, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL NO. 10-980-GPM ) |
| MCI COMMUNICATIONS SERVICES, INC., d/b/a Verizon Business Services, | ) ) ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This case is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994)) ("[A] federal court 'has an independent duty to satisfy itself that it has subject-matter jurisdiction[.]'"). By order entered December 14, 2010, the Court directed Defendant MCI Communications Services, Inc. ("MCI"), to file an amended notice of removal properly alleging the state citizenship of each member of Plaintiff Delta Communications, LLC ("Delta"), for purposes of federal subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. *See LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1039, 1040 (S.D. Ill. 2006) (citing *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003)) (a limited liability company ("LLC") has, for purposes of federal diversity jurisdiction, the state citizenship of each of the LLC's members). MCI now has filed an amended notice of removal as ordered. In its amended notice of removal MCI alleges that

the members of Delta are Mike Phalin, J. Scott Riggs, and Chad Everett, who are citizens of Illinois, and Robert F. Kelley, who is a citizen of California. Unfortunately, MCI alleges the state citizenship of Phalin, Riggs, Everett, and Kelley "[o]n information and belief[.]" Doc. 16 at 2 ¶ 4. "[O]nly jurisdictional allegations that are made on personal knowledge, not information and belief, are effective to invoke the subject matter jurisdiction of a federal court." *Frakes v. B & J Food Serv. Equip. of Mo., Inc.*, Civil No. 10-247-GPM, 2010 WL 1418567, at *2 (S.D. Ill. Apr. 7, 2010) (collecting cases). *See also Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931, 931 (S.D. Ill. 2006). Accordingly, MCI must amend its operative notice of removal to omit all reference to "information and belief" from MCI's jurisdictional allegations. The Court reminds counsel for MCI that "it is not the court's obligation to lead [counsel] through a jurisdictional paint-by-numbers scheme," and that "[a]t some point the train of opportunities [to establish subject matter jurisdiction] ends." *Ball v. Morgan Stanley & Co.*, Civil No. 09-406-GPM, 2009 WL 1708791, at *1 (S.D. Ill. June 17, 2009) (quoting *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000)). That being said, it is hereby **ORDERED** that MCI shall file an amended notice of removal that omits all reference to information and belief from MCI's allegations of federal diversity jurisdiction in this case not later than 12:00 noon on Friday, February 11, 2011. Failure by MCI to file an amended notice of removal as herein ordered will result in remand of this case to the Circuit Court of the First Judicial Circuit, Saline County, Illinois, for lack of subject matter jurisdiction.

    **IT IS SO ORDERED.**

    DATED: February 3, 2011

                                      /s/ G. Patrick Murphy
                                      G. PATRICK MURPHY
                                      United States District Judge