IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DELTA COMMUNICATIONS, L.L.C. d/b/a CLEARWAVE COMMUNICATIONS, <br><br> Plaintiff, <br><br> v. <br><br> MCI COMMUNICATIONS SERVICES, INC. d/b/a VERIZON BUSINESS SERVICES, <br><br> Defendant. | Case No. 3:10-cv-00980-GPM-DGW |

**ORDER**

This matter is before the Court on a disagreement between the parties as to the scope of discovery in this matter. On May 19, 2011, the Court ordered the parties to submit briefs regarding the scope of discovery (Doc. 42). In response, the parties submitted a joint report setting forth their areas of agreement and disagreement regarding the scope of discovery. Having reviewed the report and the pleadings in this case, the Court makes the following rulings.

**FACTUAL BACKGROUND**

This litigation involves a billing dispute between Plaintiff Delta Communications, L.L.C. d/b/a Clearwave Communications ("Clearwave" or "Plaintiff") and Defendant MCI Communications Services, Inc. d/b/a Verizon Business Services, Inc. ("Verizon Business" or "Defendant").[1] At issue are intrastate phone calls made by Verizon Business customers for which Clearwave provided the origination access service interconnecting and transporting the phone traffic to Verizon Business's facilities. Also in dispute are intrastate calls made by

---

[1] The Court is aware of the counterclaims filed in this action, however, for ease of identifying the parties in this Order will proceed as identified above.

1

Verizon Business long distance customers to Clearwave's local service customers. For these customers, Clearwave maintains that it provided the terminating access service for Verizon Business by interconnecting and transporting the phone traffic from Verizon Business's facilities to Clearwave's facilities.

Verizon Business has withheld payment on invoices dated January 2010 to present that Clearwave claims are due to them under federal and state tariffs. Verizon Business maintains that the call detail records ("CDRs") do not support Clearwave's invoices because those CDRs do not have a carrier identification code ("CIC") that identifies Verizon Business as the carrier responsible for paying for those calls. In fact, Verizon Business has amended its answer and filed counterclaims for monies paid Clearwave on improper billing prior to January 2010.

Having reviewed the pleadings and documents submitted to the Court, it appears that the only way to settle this dispute is through the records. However, the parties disagree as to whose responsibility it is to produce the relevant records.

## UNDISPUTED SCOPE OF DISCOVERY

The parties have agreed and informed the Court that the following topics are proper subjects for discovery in this matter:

1. Clearwave's federal and state switched access tariffs, FCC Tariff No. 1 and Illinois C.C. Tariff No. 3;

2. The monthly invoices that Clearwave sent to Verizon Business during the period from June 2009 to the present;

3. The call detail records Clearwave sent to Verizon Business to support Clearwave's invoices to Verizon Business for each month during the period from June 2009 to the present;

4. Correspondence relating to the dispute at issue in this litigation, including intercompany correspondence (including dispute notifications), intracompany correspondence, and correspondence with third parties;

5. Clearwave's reasons for billing Verizon Business (rather than another carrier) for the disputed calls, including Clearwave's use of call detail records (also known as EMI records), the source of those call detail records, the manner in which an incumbent local exchange carrier or Clearwave generated those call detail records, and the fields on the call detail records on which Clearwave did (or did not) rely in billing Verizon Business;

6. Clearwave's discovery, starting in or around November 2009, of a set of call detail records from September 2007 through August 2009 for which Clearwave billed Verizon Business in its November 2009 through July 2010 invoices, as well as information about the discovered call records themselves;

7. The role (if any) that Clearwave's third-party billing vendor(s) played in determining that Clearwave should bill Verizon Business (rather than another carrier) for the disputed calls; The manner in which Clearwave's network is interconnected with the networks of other telecommunications carriers;

8. The amounts Verizon Business has withheld from and paid to Clearwave, including the amounts Verizon Business claims it has overpaid Clearwave;

9. Any complaints filed by Verizon Business with the Illinois Communication Commission regarding any of the disputed traffic;

10. The legal relationship between Verizon Business and the former incumbent local exchange carrier, Verizon North Inc.;

11. The document retention policies of Verizon Business during the period from July 1, 2007 to the present, as well as the document retention policies of Verizon North Inc. during the period from July 1, 2007 to July 1, 2010; and

12. Clearwave's switched access billing, if any, to carriers whose operating company number ("OCN") appears in the Originating OCN the field of the CDRs Clearwave has provided to support its invoices to Verizon Business, including the CDRs supporting at least a representative sample of Clearwave's invoices to those carriers.

**DISPUTED AREAS OF DISCOVERY**

Federal Rule of Civil Procedure 26 contemplates expansive discovery of "any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 26 further states: "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. There are limits to discovery, however. The Supreme Court has held that there are "ultimate and necessary boundaries" to discovery. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). In Oppenheimer, the Court held that "discovery of a matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." Id. at 352.

Courts frequently restrict discovery based on relevance. See Balderston v. Fairbanks Morse Engine Div. Of Coltec Indus., 328 F.3d 309, 320 (7th Cir. 2003) (upholding district court's limitations on discovery based upon relevance); Kinkead v. Southwestern Bell Telephone Co., 49 F.3d 454, 457 (8th Cir. 1995) (affirming district court's denial of motion to compel discovery based in part on irrelevance of documents in question); Diak v. Dwyer, Costello, and Knox, P.C., 33 F.3d 809, 813 (7th Cir. 1994) (upholding district court's denial of request for

4

discovery regarding redacted tax returns); and Detweiler Bros., Inc. v. John Graham & Co., 412 F. Supp. 416, 422 (E.D. Wash. 1976) (requests for production of documents regarding building project were too broad and therefore not relevant where issues in case were limited to steam piping).

As to the Court's power to regulate discovery, the Rule 26 states, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id. The Seventh Circuit has recognized a trial court's "broad discretion over discovery matters." Spiegla v. Hull, 371 F.3d 928, 944 (7th Cir. 2004).

First and foremost, this Order sets forth the scope of the discovery. It does not, and is not intended to rule on specific documents. It illustrates the categories of information that are subject to discovery in this case. The parties are reminded of their obligation to follow the Federal Civil Rules of Procedure regarding the discovery process for civil suits in federal court.

## *Topics that Clearwave Maintains Should Be Part of Discovery*

**1. Verizon Business archived records for all disputed calls, from September 2007 to the present.**

**Ruling**: The disputed records are CDRs that Verizon Business generates when it carries long distance traffic. Verizon Business argues that these records are irrelevant. The Court disagrees. As stated above, this lawsuit involves a billing dispute between the parties, to the extent Verizon Business has records that appear reasonably calculated to lead to the discovery of admissible evidence those records are discoverable.

However, the Court is mindful of its obligation to maintain necessary boundaries on discovery. To that extent, the Court declines to rule that records dated 2007 to the present are

relevant. Further, the production of these records may be unduly burdensome upon the Defendant.

As a practical matter, the Court finds Defendant should produce records over a one-year time period so that Plaintiff may glean the type of information contained within these records. The parties may agree on which particular time period is to be produced. In the event that the parties cannot agree, Defendant shall produce records for the calendar year 2010.

**2. Verizon Business' latest or most current 30 day Call Records for MCI/Verizon IXC transmissions to a Clearwave switch.**

**Ruling**: As stated above, these records are relevant and thus, are proper area of discovery.

**3. Verizon Business' 30 day call records for all disputed calls, and or for MCI/Verizon IXC transmission to a Clearwave switch, for each month, from December 2009 to the present.**

**Ruling**: As stated above, these records are relevant and thus, are proper area of discovery. The parties may agree on which particular time period is to be produced. In the event that the parties cannot agree, Defendant shall produce records for the calendar year 2010.

**4. All CDRs generated by Verizon Business and/or Verizon North, Inc. that contain records of long distance calls that were delivered to Clearwave in 2007, 2008, 2009, and 2010.**

**Ruling**: As stated above, these records are relevant and thus, are proper area of discovery. The parties may agree on which particular time period is to be produced. In the event that the parties cannot agree, Defendant shall produce records for the calendar year 2010.

However, this ruling is limited in scope in that the Court has no information as to whether Verizon Business has any dominion and control over records of Verizon North. As stated, Verizon Business is to comply with the provisions of this order to the extent it has control over said records.

**5. All information, data, correspondence, policies regarding Verizon Business' knowledge of any stripping (intentional, accidental, or otherwise) of data from CDRs prior to transferring them to a LEC, or other failures of ILECs owned, operated, or in any way affiliated with Verizon Business in the past 4 years, in the populating of particular fields pertaining to CDRs.**

**Ruling:** Clearwave maintains that it is a widely known problem in the telecommunications industry that certain EMI records are incorrect or incomplete when sent to CLEC's to generate billing records. Verizon Business maintains that this information is irrelevant because Clearwave has not alleged and has no basis to allege that Verizon Business engaged in or had knowledge of any stripping, suppressing or manipulating data. The Court agrees with Verizon Business.

To the extent that Clearwave seeks documents or records regarding this area, it has not shown a good faith basis for such requests; therefore, this area of discovery is not reasonably calculated to lead to the discovery of admissible evidence. However, if through the ongoing process of discovery Clearwave is later able to make a good faith showing the Court may revisit this ruling.

**6. All Verizon Business emails, letters, memorandums, or any other form of communication which dealt with, spoke of, referenced, or in any way pertained to the**

**exclusion, deleting, stripping, concealing, withholding, or suppressing the CIC, Originating OCN, Trunk Number, or other code or data for long distance calls transmitted to an ILEC or CLEC for termination; as well as all emails, letters, memorandums, or any other form of communication which dealt with, spoke of, referenced, or in any way pertained to the inclusion, addition, disclosure, or release of the CIC, Originating OCN, Trunk Number, or other code or data for long distance calls transmitted to an ILEC or CLEC for termination.**

**Ruling**: To the extent that Clearwave seeks documents or records regarding this area, it has not shown a good faith basis for such requests; therefore, this area of discovery is not reasonably calculated to lead to the discovery of admissible evidence. However, if through the ongoing process of discovery Clearwave is later able to make a good faith showing the Court may revisit this ruling.

**7. All documents pertaining to complaints from other CLEC or ILEC to Verizon Business or its affiliates, relating to, alleging, or referencing the absence, exclusion, deleting, stripping, concealing, withholding, or suppressing the CIC, Originating OCN, Trunk Number, or other code or data for long distance calls transmitted to an ILEC or CLEC for termination.**

**Ruling**: To the extent that Clearwave seeks documents or records regarding this area, it has not shown a good faith basis for such requests; therefore, this area of discovery is not reasonably calculated to lead to the discovery of admissible evidence. However, if through the ongoing process of discovery Clearwave is later able to make a good faith showing the Court may revisit this ruling.

**8. Identification, confirmation, and response from Verizon Business regarding whether Verizon Business was the long distance provider for the phone numbers identified and identifiable in the CDRs in dispute. This includes: (a) determining the plan at the time carried by the customer and provided by Verizon; and (b) whether the customers were billed for the long distance calls (the customers' invoices, less their personal identifiers, can provide and show whether they were invoiced or not for the particular call).**

**Ruling**: Clearwave is seeking records over a four-year period. The Court has already determined that this would be unduly burdensome. *See Ruling on No.1*. Verizon Business argues that even if Clearwave had this information it would not prove that it owes Clearwave. Nonetheless, the Court finds that this is a proper area for discovery.

As stated above, the Court finds that Defendant should produce records over a one-year time period so that Plaintiff may glean the type of information contained within these records. The parties may agree on which particular time period is to be produced. In the event that the parties cannot agree, Defendant shall produce records for the calendar year 2010.

The parties are ordered to meet and confer regarding the entry of a protective order before these documents are produced.

**9. Name or names of carriers Verizon Business alleges should be liable for the switch access service and calls identified in the CDRs in dispute.**

**Ruling**: The Court finds this request unduly burdensome on its face.

**10. All lawsuits regarding collection of monies owed or in any way pertaining to EMI CDRs, where Verizon Business was a plaintiff or defendant in the last 10 years in the state of Illinois and 5 years nationally.**

**Ruling**: The Court does not quite understand this request. As a topic of discovery, this area is appropriate. However, Verizon Business is correct that if the request is for all documents regarding these matters, that would be overbroad and overly burdensome. Plaintiff is encouraged to craft discovery requests narrowly tailored to seek information it needs to prosecute this lawsuit.

**11. The Contract and terms of sale of Verizon North, Inc. to Frontier Communications in 2010.**

**Ruling**: This area concerns the sale of Verizon North to Frontier. Plaintiff is seeking information regarding the sale to determine who assumed the former Verizon North obligations. Verizon Business identifies Verizon North in its counterclaim as a Verizon Business affiliate. The Court does not know the magnitude of the relationship between Verizon Business and Verizon North. To the extent that the contract and terms of sale affect Clearwave's rights and obligations under its agreement with Verizon North, this is a proper area of discovery. To the extent that Verizon Business has dominion and control over Verizon North records, it is to comply with this order.

The parties are ordered to meet and confer regarding the entry of a protective order before these documents are produced.

### *The Topic that Verizon Maintains Should Be Part of Discovery*

**The rates that Clearwater billed Verizon Business for the disputed calls.**

**Ruling**: Clearwater objects that this request is irrelevant and beyond the scope of this Court's jurisdiction. Clearwater argues that only the Illinois Commerce Commission is the proper venue as to "proceedings against a public utility regarding its tariffed rates. . ." Dvorkin

v. Illinois Bell Tel. Co., 34 Ill 312, 317, 136 N.E. 2d 98 (1975).  This Court does not dispute that, however, this is not a case about tariff rates.  This case involves a contractual dispute between two sophisticated business entities involving the potential calculation of millions of dollars in damages.  Verizon Business is entitled to inquire about the rate used to calculate damages as such this is a proper area for discovery.

The parties are ordered to meet and confer regarding the entry of a protective order before these documents are produced.

## CONCLUSION

For the reasons stated above, the Court **ORDERS** the parties to comply with the dictates of this Order regarding the scope of discovery. The parties are **REMINDED** of their obligations to make cooperative discovery arrangements in the interest of reducing delay and expense pursuant to Local Rule 26.1(d).

**IT IS SO ORDERED.**

**DATED: June 17, 2011**

_____
**DONALD G. WILKERSON**
**United States Magistrate Judge**